UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS

|                              )
PAUL G. BULTMEYER,             )
                               )
         Petitioner,           )
                               )   Civil Action No.
    v.                         )   14-40109-IT
                               )
WARDEN JEFF GRONDOLSKY,        )
                               )
         Respondent.           )
                               )

# MEMORANDUM AND ORDER

November 24, 2014

**TALWANI, D.J.**

A motion under 28 U.S.C. § 2255 is the presumptive means to challenge the validity of a federal conviction or sentence. See 28 U.S.C. § 2255(a). While the general habeas statute, 28 U.S.C. § 2241, is also a vehicle to challenge the validity of confinement, it may only be used to challenge a federal conviction or sentence where a motion under 28 U.S.C. § 2255 is "inadequate or ineffective to test the legality of [the petitioner's] detention." 28 U.S.C. § 2255(e).

Before the Court is Paul Bultmeyer's third petition for a writ of habeas corpus under 28 U.S.C. § 2241 to challenge his federal conviction. For the reasons set forth below, the Court denies the petition because he has not shown that a motion under 28 U.S.C. § 2255 is inadequate or ineffective.

## I.    Factual Background

On August 4, 2014, Paul Bultmeyer ("Bultmeyer"), who is incarcerated at FMC Devens, filed a petition under 28 U.S.C. § 2241 ("§ 2241") for a writ of habeas corpus to challenge his conviction and sentence in the United States District Court for the District of New Jersey for conspiracy to commit wire fraud. See United States v. Bultmeyer, Crim. No. 10-00356 (D.N.J.). Following a plea of guilty, he was sentenced to 60 months of imprisonment and 3 years of supervised release. See id. (docket entries ## 23-25, #28). The petitioner unsuccessfully

challenged his sentence on appeal. See United States v. Bultmeyer, App. No. 11-1861 (3d Cir. May 22, 2012).

On March 12, 2013, Bultmeyer filed a § 2241 petition in this Court challenging his conviction and sentence. See Bultmeyer v. Grondolsky, C.A. No. 13-40028-RWZ (D. Mass). The Court denied the petition, holding that the petitioner–who had yet to file a motion under 28 U.S.C. § 2255 ("§ 2255")--had not shown that a § 2255 motion was inadequate or ineffective to challenge his conviction. See id. (docket entry #7).

On April 4, 2013, Bultmeyer filed a timely motion under § 2255 in the District of New Jersey. See Bultmeyer v. United States, C.A. No. 13-02771 (D.N.J.). Eight months later, the court ordered the government to respond to the motion. See id. (docket entry #6). The government asked the court to deny the motion without a hearing. See id. (docket entry #7). Bultmeyer filed his reply on February 19, 2014; there has been no activity on the public docket since that date.

On October 1, 2013, the petitioner filed a second § 2241 petition in this Court. See Bultmeyer v. Grondolsky, C.A. No. 13-40119-FDS (D. Mass.). Although Bultmeyer contended that relief under § 2241 was available because the district court in New Jersey had failed to rule on his § 2255 motion in a timely fashion, the Court held that he had not shown that his motion under § 2255 was inadequate or ineffective to challenge his detention.

In the present petition, Bultmeyer again argues that his motion under § 2255 is inadequate or ineffective to challenge his conviction and sentence because the district court in New Jersey has failed to render a decision in that case. The petitioner asserts that the perceived delay constitutes a violation of his Fifth Amendment right to Due Process. Bultmeyer states he cannot file a petition for a writ of mandamus with the Third Circuit to compel the district judge to rule on his § 2255 motion because the appellate court will only issue a writ of mandamus if the petitioner has no other avenue of relief. According to the petitioner, he cannot meet this requirement because he is not barred from seeking relief under § 2241. Bultmeyer further claims

that he may seek relief under § 2241 because he is actually innocent. He later filed a motion to amend to supplement the argument that his sentence was unlawful.

The petition has not been served pending the Court's review of the pleading. See 28 U.S.C. § 2243 (providing for the preliminary screening of a petition for a writ of habeas corpus).

## II.  Discussion

The threshold issue before the Court is whether Bultmeyer has shown that his pending motion under § 2255 is inadequate or ineffective to test the legality of his detention. Without being unsympathetic to the petitioner's situation, the Court holds that he has not made this showing.

A motion under § 2255 "can be termed 'inadequate' or 'ineffective' only when, in a particular case, the configuration of section 2255 is such 'as to deny a convicted defendant any opportunity for judicial rectification.'" Trenkler v. United States, 536 F.3d 85, 99 (1st Cir. 2008) (quoting In re Davenport, 147 F.3d 605, 611 (7th Cir. 1998)). The First Circuit has not ruled on the question of when, if ever, a delay in the adjudication of a § 2255 can render it "inadequate or ineffective" for purposes of § 2255. The decisions of the circuit courts vary on this issue, with some holding that delay–regardless of its length--never allows a petitioner to seek relief under § 2241, see, e.g., Burns v. Hood, 27 Fed. Appx. 801, 802 (9th Cir. 2001); Winton v. Mustain, 562 F.2d 565, 567 (8th Cir. 1977) (per curiam); Dotson v. Clark, App. No. 89-6224, 1990 WL 66825 (6th Cir. May 21, 1990) (not selected for publication), while other circuit courts have held that a delay might hypothetically render § 2255 ineffective or inadequate but that the petitioner had not made such a showing, see, e.g., McCarthy v. Director of Federal Bureau of Prisons, 245 Fed. Appx. 118, 120 (3d Cir. 2007) (per curiam); Stirone v. Markley, 345 F.2d 473, 475 (7th Cir. 1965).

Here, Bultmeyer has not shown that the § 2255 motion is inadequate or ineffective to challenge the legality of his detention. Assuming, arguendo, that the length of time it is taking the district court to dispose of his § 2255 motion raises due process concerns, the motion is not

3

inadequate or ineffective because Bultmeyer may file a petition for a writ of mandamus with the Third Circuit to direct the district court to rule on the motion. Notably, the Third Circuit has held that a litigant complaining of a district court's delay in the adjudication a § 2255 proceeding cannot resort to § 2241 but must instead seek a writ of mandamus from the appropriate court of appeals. See McCarthy, 245 Fed. Appx. at 120; see also United States v. Dago, 441 F.3d 1238, 1249 (10th Cir. 2006) (same).

### III. Conclusion

For the reasons stated above, the petition for a writ of habeas corpus is DENIED. The motion to amend shall be terminated as moot.

**So ordered.**

 /s/ Indira Talwani
Indira Talwani
United States District Judge

Dated: November 24, 2014